IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:14-cr-75-RLV |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **CONSENT ORDER AND** |
| BOBBI JOE TRIVETTE SACKRIDER | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |

WHEREAS, the defendant, BOBBI JOE TRIVETTE SACKRIDER, has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and that the defendant has a legal or possessory interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

1

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

**Navy Arms Co., A. Uberti 1877, .45 LC caliber revolver, bearing serial number 9240;**

**Remington 870 Express Magnum, 12 gauge shotgun, bearing serial number A745184M;**

**Springfield Armory 1911-A1, .45 caliber pistol, bearing serial number N436375;**

**Taurus Tracker, .44 caliber revolver, bearing serial number BP596345;**

**Remington Premier Skeet 11-87, 12 gauge shotgun, bearing serial number PC528469;**

**Bushmaster Carbon-15, 5.56 caliber rifle, bearing serial number CRB033197;**

**Oviedo Spain Mauser M1918, .308 caliber rifle, bearing serial number OT-37328;**

**KBI Charles Daly, .308 caliber rifle, bearing serial number D-09402;**

**Universal M1 Carbine, .30 caliber rifle, bearing serial number 120242;**

**Carl Gustoafs Stads Gevarsfaktori Swedish Mauser 1913, bearing serial number 320572; and**

**Lee Enfield No. 4 MK1 Long Branch 1944, .303 caliber rifle, bearing serial number 7219981.**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to disposal by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may,

within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. Pursuant to Rule 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant upon filing.

SO AGREED:

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
BOBBI JOE TRIVETTE SACKRIDER
Defendant

_____
STACEY DAWN RUBAIN
Attorney for Defendant

Signed this 30th day of December 2014.

_____
HONORABLE DAVID S. CAYER
United States Magistrate Judge